(No. 4078)

JEANNE KRAFT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 10, 1948.*

ROY A. PTACIN, for Claimant.

GEORGE F. BARRETT, Attorney General; WILLIAM MORGAN, Assistant Attorney General, for Respondent.

DAMRON, J.

On October 11, 1947, the above named claimant, while employed as hydrotherapist at the Chicago State Hospital, sustained an accidental injury. The evidence shows that she was employed at the State institution from 3:00 to 11:00 P.M. on said date and while walking from the Diagnostic Building where she was working at about 11:00 P.M. she stepped into a three foot hole along the curb within the grounds of said institution causing her to sustain a comminuted fracture involving the proximal heads of the metatarsal bones of the left foot. She was assisted by two men who lifted her from the hole in the ground there and was taken to the hospital on the grounds where Dr. Fenyes, of the institution, administered first aid. On the following day she was attended by Dr. Louis Olsman, a surgeon connected with the Chicago State Hospital, who had her foot X-rayed, later her foot was placed in a cast.

Due to the injury to her left foot, claimant was temporarily totally disabled from the date of the accident to December 25, 1947.

It is stipulated by and between the parties, hereto, that her gross earnings for the year next preceding the injury were $2,216.29; that the accidental injury arose out of and in the course of her employment by respondent on the premises of Chicago State Hospital; that first aid and medical aid were furnished by the respondent. The claimant was paid for the month of October 1947, $210.00; for November 1947, $140.00; and for December 1947, $127.36 for unproductive work. It is further stipulated by and between the parties, hereto, that claimant at the time of the injury was forty years of age and was the mother of two minor children, namely Donald Kraft, age fourteen years, and Paul Kraft, age twelve years.

Dr. Albert C. Field was called on behalf of the claimant and testified that he examined her on February 24, 1948 and found her left foot was somewhat enlarged by the flattening of both arches; X-rays disclosed a healed fracture of second and third metatarsal with an irregularity in the distal end of the first metatarsal and at the posterior border of the oscalcis. That in his opinion, claimant had a disability of thirty-five per cent of the left foot which condition was permanent.

Dr. Louis Olsman, surgeon of the Chicago State Hospital staff, was called as witness on behalf of the respondent and testified that he examined claimant on the day following her admission to the hospital, October 12, 1947, and thereafter treated her; that X-rays indicated a comminuted simple fracture involving the proximal heads of the metatarsal bones of the left foot. He expressed an opinion that there was a good probability that she would have a certain degree of discomfort and limitation and in view of her obesity and a pre-existing osteo-arthritis agreed that Dr. Field's opinion as to loss of use of her left foot was reasonable.

The commissioner who heard the testimony files his report and agrees that there is a permanent partial loss of use of claimant's left foot of thirty-five per cent.

Claimant testified that she experiences pain across the arch of her left foot since the injury; that it is deformed in that it has a lump across the instep which prevents her from wearing certain type of shoes. That when she is on duty for eight hours and after she has been on her feet a couple hours that the foot starts bothering her by experiencing pain and that it aches. She further testified that she is unable to wear an ordinary house slipper on the left foot and that she has a limp when she walks.

On the basis of this record we make the following finding: That at the time of the accident, on October 11, 1947, the claimant and respondent were operating under the Workmen's Compensation Act and that claimant is entitled to benefits arising therein. That the respondent had actual notice of the accident as required by Section 24 of said Act, that all medical, and hospitalization was furnished by the respondent. That the claimant's injury arose out of and in the course of her employment. That at the time of the injury, claimant was forty years of age and was the mother of two dependent, minor children under the age of sixteen years. That her weekly compensation rate is $20.80; that she was temporarily totally disabled from the date of the injury to the 25th day of December 1947, amounting to 10 5/7 weeks amounting to the sum of $222.85; that she has suffered a thirty-five per cent permanent partial loss of use of her left foot for which she is entitled to 47¼ weeks at $20.80 a week, amounting to the sum of $982.80, making a total award of $1,205.65.

The record discloses that from the date of the injury

to the 26th day of December 1947, the respondent paid to claimant the sum of $477.36 salary for unproductive time during her disability which must be deducted from the above sum, leaving a net award of $728.29 all of which has accrued and is payable forthwith.

An award is therefore hereby entered in favor of claimant Jeanne Kraft in the sum of $728.29, payable in a lump sum forthwith, as provided under Section 8 (e) of the Workmen's Compensation Act.

A. M. Rothbart, Court Reporting Service of Chicago, was employed to take and transcribe the evidence in this case, and has rendered a bill in the amount of $45.00. The Court finds the amount charged is fair, reasonable and customary.

An award is hereby entered in favor of A. M. Rothbart, Court Reporting Service of Chicago, in the sum of $45.00.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees".